**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-1276

SERGE GUY BELINGA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General; IMMIGRATION AND
NATURALIZATION SERVICE,

Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: September 15, 2009      Decided: October 8, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Charles H. Kuck, KUCK IMMIGRATION PARTNERS LLC, Atlanta,
Georgia, for Petitioner. Tony West, Assistant Attorney General,
Jennifer L. Lightbody, Senior Litigation Counsel, Kiley L. Kane,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Serge Guy Belinga, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We have reviewed the record and the Board's order and find no abuse of discretion. See 8 C.F.R. § 1003.2(a) (2009). Accordingly, we deny the petition for review substantially for the reasons stated by the Board. In re: Belinga (B.I.A. Feb. 10, 2009).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We note that the Board relied on the Attorney General's decision in Matter of Compean, 24 I. & N. Dec. 710 (A.G. Jan. 7, 2009) ("Compean I"). In Matter of Compean, 25 I. & N. Dec. 1 (A.G. June 3, 2009) ("Compean II"), however, the Attorney General vacated Compean I and directed the Board and immigration judges to apply "pre-Compean standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed." Id. at *3. Accordingly, we find that the case is governed by Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988). See Chedid v. Holder, 573 F.3d 33, 36 n.4 (1st Cir. 2009). Because both decisions require an alien to show that he has been prejudiced by counsel's ineffective or deficient performance, any resulting error was harmless.